S00Y0020, S00Y0021. IN THE MATTER OF B. DEAN GRINDLE, JR. (two cases).
(523 SE2d 318)

PER CURIAM.

The State Bar filed Formal Complaints against Respondent B. Dean Grindle, Jr., in two separate matters, alleging violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (b) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules); 23 (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 44 (a lawyer shall not without just cause to the detriment of his client, wilfully abandon or disregard a legal matter which has been entrusted to him); and 68 (a lawyer shall not fail to respond to disciplinary authorities during the investigation of a complaint) of Bar Rule 4-102 (d).

Upon Grindle's failure to respond to the properly served complaints, the facts alleged therein were deemed admitted pursuant to Bar Rule 4-212 (a). Based on Grindle's admissions by virtue of his failure to respond, a special master found that Grindle violated Standards 4, 22 (b), 23, 44, and 68, and recommended disbarment as an appropriate sanction. We agree.

The special master's report was filed directly with this Court pursuant to Bar Rule 4-217 (c) as neither party requested a review by the Review Panel. Accordingly, both parties are deemed to have waived any right they may have had under the rules to file excep-

tions with or make requests for oral argument to this Court.

In the first case presented, Grindle, who has been a member of the State Bar of Georgia since 1972, agreed in or about October 1995, to represent a client in a timber dispute. After the client paid Grindle a $1,000 retainer and forwarded documents to him pertaining to the property, Grindle informed the client that he would demand restitution from the offending party and he mailed a letter on the client's behalf to that party. Opposing counsel responded to Grindle's letter, disputing the claims, and Grindle subsequently filed a complaint on the client's behalf in December 1995. Despite conferring with the client about responses to the opposing party's discovery requests, Grindle failed to respond to the requests and failed to take any additional action in the case while informing the client that the case was proceeding as it should. After Grindle failed to respond to a pretrial calendar notice, the court dismissed the client's case on July 30, 1996, assessing costs against the client. Although Grindle received a copy of the dismissal order, he failed to inform the client of the dismissal, and when the client contacted Grindle for a status report, in or about September 1996, Grindle informed him that he would have to check on the status of the case. Thereafter, Grindle failed to return numerous telephone calls from the client. On April 11, 1997, Grindle informed the client that the case had been dismissed and that he had not done anything of substance on the case due to other business. Grindle subsequently withdrew from representing the client and returned the $1,000 retainer. Although Grindle acknowledged service of the Notice of Investigation and the Formal Complaint in this matter, he failed to properly respond to disciplinary authorities. Based on the above conduct, Grindle violated Standards 4, 44, and 68 of Bar Rule 4-102 (d).

In the second case, a client hired Grindle to represent her in a real estate matter; paid him a $2,500 retainer; provided him with documents pertaining to the property involved; and informed him that, as she wanted to sell her property with clear title, time was of the essence. Grindle agreed to perform a title search immediately and, on November 7, 1997, he mailed a letter to opposing counsel stating that he was representing the client. On November 26, 1997, Grindle sent a letter to the client informing her that, although he had reviewed the documents, he had not fully researched the chain of title and would contact her after Thanksgiving to discuss the case. When the client failed to receive any communications from Grindle, she wrote to him on February 2, 1998, and left telephone messages at his office. On February 24, 1998, the client sent a certified letter to Grindle asking for the return of her documents and the $2,500 retainer. Grindle received the letter but did not reply. On March 19, 1998, the client sent a certified letter discharging Grindle and

requesting the return of her documents and a refund of $2,400 of the retainer. Grindle received the letter but failed to respond, to take any action in the case, or to return either the documents or the retainer. Although Grindle acknowledged service of the Notice of Investigation and the Formal Complaint in this matter, Grindle failed to properly respond to disciplinary authorities. Based on the above conduct, Grindle violated Standards 4, 22 (b), 23, 44, and 68 of Bar Rule 4-102 (d).

We agree with the special master that disbarment is warranted as a result of those violations. Accordingly, Grindle is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.